# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        No. CIV-01-0209 BB/KBM
                                                         CR-96-82 BB

RONALD DEAN LAVENDER,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court for preliminary consideration of Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. #8; CR Doc. #95) filed June 25, 2001. Rule 4(b) Governing Section 2255 Proceedings. In the motion Defendant claims his plea was involuntary, his sentence should be reduced according to the recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and his conviction resulted from entrapment.

Defendant claims his ten-year sentence is illegal under the recent ruling in *Apprendi*. The rule announced in *Apprendi* is that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Defendant claims his attorney advised him that, by pleading guilty, Defendant would receive no more than a three-year sentence, and, therefore, the factors that increased his sentence beyond three years should have been proved to a jury. Even though Defendant's allegations could possibly support a claim of ineffective assistance of counsel, *cf. United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990); *but see United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991) ("A defendant's dissatisfaction with the length of his sentence generally is insufficient reason to withdraw a plea."), his sentence does not exceed the statutory maximum. Defendant's motion does not implicate the rule in *Apprendi*, and he is not entitled to

relief. Rule 4.

Defendant's claims of involuntary plea and entrapment appear to be barred by the one-year limitation period in 28 U.S.C. § 2255. Judgment was entered on Defendant's conviction June 27, 1997, and he did not appeal his conviction or sentence. The original motion in this proceeding was filed June 25, 2001, almost three years after entry of judgment. Furthermore, the motion makes no allegation implicating the provisions in § 2255 which allow restarting the limitation period after a conviction becomes final. Thus, these claims are time-barred unless there is a basis for equitable tolling. *E.g., Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). No such grounds are apparent from the Petition or the present record.

Although the Tenth Circuit has not addressed in a published opinion whether a district court can raise the AEDPA statute of limitations defense *sua sponte,* I find it appropriate to do so and adopt the rationale of the Second Circuit:

> We hold first that the district court has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion. In so holding, we follow a long line of precedent establishing the authority of courts to raise *sua sponte* affirmative defenses where the defense implicates values beyond the interests of the parties. . . . If the court chooses to raise *sua sponte* the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard before dismissing on such ground.

*Acosta v. Artuz,* 221 F.3d 117, 122 (2nd Cir. 2000) (citations omitted). Indeed, in so ruling, the Second Circuit relied on reasoning set forth by the Tenth Circuit addressing the propriety of *sua sponte* dismissals in the context of habeas actions.[1]

---

[1] The opinion cited to both published and unpublished opinions of the Tenth Circuit. 221 F.3d at 122. I have located an even more recent unpublished opinion from the Tenth Circuit dealing with the issue of the district court's authority to *sua sponte* raise the statute of limitations defense to a § 2254 petition. In *Hare v. Ray,* 232 F.3d 901, 2000 WL 1335428 (10th Cir.

Lavender will have the opportunity demonstrate in his objections why he should be entitled to equitable tolling. To assure that he has a meaningful opportunity to respond, I will give him more than the usual time within which to file his objections. *See Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999); *see also Harris v. Champion,* 48 F.3d 1127, 1132 n.4 (10th Cir. 1995) (court may *sua sponte* raise abuse of writ doctrine so long as Petitioner given notice and adequate opportunity to respond); *Hines v. United States,* 971 F.2d 506, 507-09 (10th Cir. 1992) (§ 2255 case; court may *sua sponte* raise the defense of procedural default and "must generally afford the movant an opportunity to respond to the defense").

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. #8; CR Doc. #95) filed June 25, 2001, be DISMISSED with prejudice, and this civil proceeding be DISMISSED.

**IT IS ORDERED THAT** Petitioner will be allowed **thirty (30) days** of receipt of these Proposed Findings and Recommended Disposition in which to file his objections pursuant to 28 U.S.C. § 636(b)(1) and set forth his grounds for equitable tolling, if any. **The written objections must be filed with the Clerk of the District Court. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

9/15/00) (unpublished), the Tenth Circuit denied a certificate of appealability in § 2254 case where the magistrate judge *sua sponte* raised the timeliness issue and gave opportunity for petitioner to raise grounds for equitable tolling in objections to the recommended disposition.